IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CONTAINERS, INC.<br><br>**Plaintiff,**<br><br>v.<br><br>THE CAN MAN, LLC &<br>HUNTER RODRIGUEZ<br><br>**Defendants.** | CASE NO. 1:20-CV-00150 |

## COMPLAINT

Plaintiff, Containers, Inc., for and as its Complaint against Defendants, The Can Man, LLC and Hunter Rodriguez, alleges as follows:

## PARTIES

1. Plaintiff, Containers, Inc., is a corporation organized under the laws of the State of Florida with its principal place of business at 72 Milstead Street, Pensacola, Florida 32503.

2. Defendant The Can Man, LLC is a limited liability company organized under the laws of the State of Alabama with its principal place of business at 1401 Schillinger Road North, Semmes, Alabama 36575.

3. Upon information and belief, Defendant Hunter Rodriguez is an individual residing in this judicial district and is the principal of Defendant The Can Man, LLC.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court because this litigation arises under federal law, namely, the Lanham Act. The Court has jurisdiction over this action under 28 U.S.C. §

1331 (federal question), 28 U.S.C. § 2201 (Declaratory Judgment Act), and 28 U.S.C. § 1367 (supplemental jurisdiction).

5. This Court has personal jurisdiction over Defendants because Defendant The Can Man, LLC's principal place of business is within this judicial district and Defendant Hunter Rodriguez is domiciled within this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

## FACTS

7. Since at least as early as 2003, Plaintiff has continuously offered waste and storage container rental services, including dumpster rental services, under THE CAN MAN mark ("Mark").

8. Since its first opening, Plaintiff has used THE CAN MAN in a prominent and distinctive manner in interstate commerce so as to distinguish the source of its services from those of others and has spent significant effort and sums of money in advertising and otherwise promoting its services under the Mark.

9. Through Plaintiff's use and promotion of THE CAN MAN Mark, the public has come to know and recognize THE CAN MAN as a designation identifying Plaintiff as the source of quality waste container and storage container rental services. Accordingly, THE CAN MAN Mark has developed and represents valuable goodwill, which rightfully belongs exclusively to Plaintiff.

10. Plaintiff owns U.S. Trademark Registration No. 5,339,405 for THE CAN MAN for "Rental of storage containers" and "Rental of portable toilets," registered by the U.S. Patent and Trademark Office on November 21, 2017. Plaintiff has attached a copy hereto as Exhibit A.

11.     Plaintiff also owns U.S. Trademark Application Serial No. 8,8800,859, filed with the U.S. Patent and Trademark Office, for THE CAN MAN for "Trash services, namely, rental of dumpsters." Plaintiff has attached a copy hereto as Exhibit B.

12.     Plaintiff's federal trademark registration and application supplement the common law rights it has acquired through actual commercial use of its mark since at least as early as 2003.

13.     Despite actual knowledge of Plaintiff's business and prior use of THE CAN MAN, Defendants began offering identical and overlapping services as THE CAN MAN squarely within Plaintiff's zone of operation and approximately 70 miles from Plaintiff's principal place of business. Plaintiff has attached an example of Defendants' infringing use of the Mark as Exhibit C.

14.     Plaintiff and Defendants offer identical and overlapping services.

15.     Plaintiff learned of Defendants' existence through actual consumer confusion. Plaintiff has received, and continues to receive, phone calls, messages, and customer comments confusing Defendants with Plaintiff.

16.     Upon learning of Defendants' existence, Plaintiff reached out through counsel on multiple occasions to resolve the consumer confusion that continues to date. Plaintiff first mailed a letter on November 7, 2019 to which Defendants did not respond. Plaintiff sent a second letter on December 11, 2019, requesting a response within five days. Defendants again failed to respond. Plaintiff then mailed a third, certified letter on January 24, 2020 requesting that Defendants cease and desist and respond within one week. Again, Defendants failed to respond.

17. In addition to formal written communications, Plaintiff's counsel communicated with Defendants via phone and email on multiple occasions between November 2019 and January 2020. Defendant, THE CAN MAN, LLC, expressed interest in changing its name, and Plaintiff agreed to one of Defendant's proposed names. Defendant, however, took no steps to change its name and continues to operate as THE CAN MAN.

18. Ultimately, despite written correspondence, emails, and phone calls with Plaintiff's counsel, Defendants rebuffed Plaintiff's efforts to resolve this matter outside of court.

19. Defendants seek to compete with Plaintiff and target the same customers who seek waste container, storage container, and dumpster rental services.

20. In selecting and continuing use of THE CAN MAN, notwithstanding their actual knowledge of Plaintiff's rights, Defendants have acted and continue to act with wanton disregard for Plaintiff's rights and with the willful intent and purpose of improperly taking or benefiting from the favorable reputation and valuable goodwill that Plaintiff has established in THE CAN MAN Mark.

21. Defendants' actions have caused and continue to cause its services to be passed off as made, authorized, sponsored, endorsed by or otherwise connected or associated with Plaintiff.

22. Defendants' actions have caused and continue to cause confusion and mistake, and to deceive consumers and others as to the source of origin, nature, characteristics, and quality of the goods and services offered by Defendants.

23. Defendants' refusal to cooperate with Plaintiff's multiple attempts to resolve this matter leaves Plaintiff with no option but to seek relief from this Court.

## COUNT I
### Infringement of Federally Registered Trademark/Service Mark
### 15 U.S.C. § 1114(1)(a)
### (Against All Defendants)

24. Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if they were fully set forth herein.

25. Plaintiff has used and continues to use its federally registered THE CAN MAN name and Mark in commerce in connection with virtually all of its services, including waste container, storage container, and dumpster rental services.

26. Defendants had both actual and constructive knowledge of Plaintiff's ownership of and rights in its federally registered mark prior to Defendants' infringing use of the Mark.

27. Defendants adopted and continue to use in commerce Plaintiff's federally registered Mark, and marks confusingly similar thereto, with full knowledge of Plaintiff's superior rights, and with full knowledge that their infringing use of Plaintiff's Mark was intended to cause confusion, mistake and/or deception.

28. Defendants offer their goods and services under the infringing mark in the same channels of trade and to the same class of consumers as those in which Plaintiff's legitimate goods and services are offered.

29. Defendants' infringing use of Plaintiff's name and Mark in connection with identical and overlapping goods and services is likely to cause, and has caused, confusion, mistake or deception as to the affiliation, connection or association of Defendants with Plaintiff, in violation of 15 U.S.C. § 1114.

## COUNT II
## Unfair Competition and False Designation of Origin
## 15 U.S.C. § 1125(a)
## (Against All Defendants)

30. Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

31. Defendants have deliberately and willfully attempted to trade on the hard-earned goodwill in Plaintiff's name and Mark and the reputation established by Plaintiff in connection with its services, as well as to confuse consumers as to the origin and sponsorship of Defendants' services.

32. Defendants' conduct has deprived Plaintiff and continues to deprive Plaintiff of the ability to control the consumer perception of its services, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendants.

33. Defendants' conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, and as to the origin, sponsorship, or approval of Plaintiff and its services in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

34. Defendants had direct and full knowledge of Plaintiff's prior use of and rights in its Mark before the acts complained of herein. The knowing, intentional, and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

35. As a result of Defendants' conduct, Plaintiff has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Plaintiff in its Mark. This continuing loss of goodwill cannot be properly calculated and

thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

### COUNT III
### Common Law Trademark Infringement
### (Against All Defendants)

36. Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if they were fully set forth herein.

37. Plaintiff is the owner of valid and enforceable rights in THE CAN MAN for use in connection with waste container and storage container rental services, including dumpster rental services, in interstate commerce.

38. Plaintiff has used THE CAN MAN Mark in commerce continuously since at least at early as 2003, and consumers have come to associate THE CAN MAN Mark with services provided by Plaintiff. As a result of this association, Plaintiff has engendered significant goodwill.

39. Defendants have used marks in commerce that are confusingly similar and/or identical to THE CAN MAN Mark, including but not limited to THE CAN MAN, to identify and describe their own services that are similar or identical to Plaintiff's services.

40. Defendants' use of the identical and/or confusingly similar marks is causing actual consumer confusion as to the source of the services being provided by Defendants and therefore constitutes trademark infringement.

41. On information and belief, Defendants' actions have been willful and deliberate.

42. Defendants' actions have harmed Plaintiff's valuable intellectual property rights, have damaged Plaintiff's goodwill, and have caused Plaintiff to suffer damages that are not calculable in monetary terms.

43. If Defendants are not preliminarily and permanently enjoined by this Court, Defendants will continue their acts of trademark infringement set forth above, thereby deceiving the public, trading on Plaintiff's goodwill and causing Plaintiff immediate and irreparable harm, damage, and injury. Plaintiff has no adequate remedy at law for the aforementioned irreparable harm.

## COUNT IV
### Declaratory Judgment of Ownership of Trademark
### 28 U.S.C. § 2201
### (Against All Defendants)

44. Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

45. As set forth above, Defendants have infringed Plaintiff's intellectual property rights and engaged in unfair competition.

46. As indicated by the instant litigation, an actual, present, and justiciable controversy has arisen between Plaintiff and Defendants.

47. Plaintiff has used THE CAN MAN Mark in commerce continuously since at least 2003, and consumers have come to associate the Mark with services provided by Plaintiff. As a result, Plaintiff is the lawful owner of the Mark and all trademark rights associated with the Mark.

48. Plaintiff seeks a declaratory judgment from this Court that it owns the THE CAN MAN Mark.

## COUNT V
### Violation of the Alabama Deceptive Trade Practices Act
### Ala. Code §§ 8-19-5, 8-19-10
### (Against All Defendants)

49. Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

50. Defendants' use, without Plaintiff's consent, of THE CAN MAN in connection with a business and/or with the sale, offering for sale, and advertising of goods has and/or is likely to cause confusion or mistake or to deceive as to the source of origin of the goods and/or services.

51. By causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services, Defendants' actions, as set forth above, are in violation of Alabama's Deceptive Trade Practices Act, Ala. Code § 8-19-5.

52. By causing confusion or misunderstanding as to the affiliation, connection, or association with, or certification by another, Defendants' actions, as set forth above, are in violation of Alabama's Deceptive Trade Practices Act, Ala. Code § 8-19-5.

53. By engaging in other unconscionable, false, misleading, or deceptive acts or practices in the conduct of trade or commerce, Defendants' actions, as set forth above, are in violation of Alabama's Deceptive Trade Practices Act, § Ala. Code 8-19-5.

54. As a result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damages and brings this action under Ala. Code § 8-19-10.

## COUNT VI
### Unjust Enrichment Under Common Law
### (Against All Defendants)

55.   Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

56.   By virtue of the egregious and illegal acts of Defendants as described above, Defendants have been unjustly enriched in an amount to be proven at trial.

57.   Defendants' retention of monies gained through its deceptive business practices, infringements, and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a jury trial as to issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a.   Enter an order requiring that Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from:

  i.   Using in any manner THE CAN MAN or any other mark or name that is confusingly similar to or a colorable imitation of THE CAN MAN;

  ii.   Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or prospective customers as to the source of the products or services offered for sale, distributed, or sold, or likely to deceive members of the public, or prospective customers, into believing that there is some connection between Plaintiff and Defendants;

b.   Direct Defendants to provide an accounting of profits made by Defendants as a result of their unlawful conduct;

c. Enter judgment according to the declaratory relief sought;

d. Enter an order awarding Plaintiff the damages it has suffered in addition to Defendants' profits pursuant to 15 U.S.C. § 1117(a);

e. Enter an order awarding treble damages pursuant to 15 U.S.C. § 1117(a);

f. Enter an order awarding Plaintiff all of the costs and expenses incurred in this action;

g. Enter an order awarding Plaintiff its reasonable attorney's fees under any federal and/or state law to which it is entitled to compensation for reasonable attorney's fees, including but not limited to, 15 U.S.C. § 1117(a), Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent power and authority;

h. Enter such other further relief to which Plaintiff may be entitled as a matter of law or equity or which the Court determines to be just and proper.

Dated:     March 10, 2020

Respectfully submitted,

**ADAMSIP, LLC**

By:   /s/J. Hunter Adams
J. Hunter Adams
453 Dauphin Street, 2nd Floor
Mobile, Alabama 36602
(251) 289-9787
hunter@adamsiplaw.com
alexa@adamsiplaw.com
*Attorneys for Plaintiff*